UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CHAMBERS OF** | **101 WEST LOMBARD STREET** |
| **JAMES K. BREDAR** | **BALTIMORE, MARYLAND 21201** |
| **U.S. MAGISTRATE JUDGE** | **(410) 962-0950** |
| | **(410) 962-2985 FAX** |

August 4, 2005

| | |
|---|---|
| Nell B. Strachan, Esquire | Scott Bertram Elkind, Esquire |
| Venable Baetjer and Howard LLP | Elkind and Shea |
| 210 Allegheny Avenue | 801 Roeder Road, Suite 550 |
| Towson, Maryland  21285-5517 | Silver Spring, Maryland  20910 |

Subject: *Massachusetts Mutual Life Insurance Company v Lanham*
Civil Action No. WDQ-04-3868

Dear Counsel:

This case is a complaint for declaratory judgment that has been removed from the Circuit Court for Baltimore County pursuant to this Court's federal question jurisdiction (ERISA). The dispute appears to center upon plaintiff's demand that the defendant, who is receiving disability benefits under a policy issued by the plaintiff, present herself for an independent medical examination by a neuropsychologist. The case has been referred to me for disposition of discovery disputes and related scheduling matters. Pending and ready for disposition are a motion to compel production of privileged documents (Paper No. 33) filed by the defendant and a motion for a protective order (Paper No. 45) filed by the plaintiff. No hearing is necessary. Local Rule 105.6.

The plaintiff has provided to the defendant certain materials in response to an informal request for discovery and among those materials was a privilege log. The defendant wants the materials to which privilege is asserted. This Court has propounded and embodied in its Local Rules a detailed scheme for the presentation of discovery disputes that is designed to reduce and narrow the questions at issue between the parties and, where that desirable goal cannot be achieved in full, to present the remaining issues in dispute to the Court in a format which will make best use of the Court's time in resolving them. *See,* Local Rules 104.7, 104.8, Electronic Filing Requirements and Procedures, III.C.10.c. *et seq.* Pursuant to that scheme, the party who is dissatisfied with discovery responses that have been provided serves upon the other party, with notice to the Court, a motion to compel discovery. The nonmovant then serves a response within fourteen days of receipt of the motion, again with notice to the Court, and the movant, in turn, serves a reply, also with notice to the Court, within eleven days. The parties then meet and confer in an attempt to iron out their differences that have been disclosed by the motions practice, and only after this process has been completed may the movant file the motion to compel. *See,* Electronic Filing Requirements and Procedures, III.C.10.f.   The Court generally does not become embroiled in disputes

Letter to Counsel - *Mass Mutual v Lanham*
Page Two
August 4, 2005

over informal discovery between the parties. This case is no exception. The motion to compel production (Paper No. 33) is hereby DENIED.

The motion for protective order essentially is a motion to stay discovery until dispositive motions that have been filed by both parties are ruled upon by the Court. It generally is not the practice of this Court to link the timing of discovery to the Court's consideration of other filings. In this case, however, the core issues in dispute are very narrow and not at all fact intensive. The defendant's dispositive motion challenges the Court's jurisdiction, and the plaintiff's dispositive motion addresses primarily an issue of law. It appears, at least at this juncture, that full discovery may further fulminate what already is a tempest in a teapot. Accordingly, the motion for protective order (Paper No. 45) is hereby GRANTED, and discovery is STAYED until the Court disposes of the dispositive motions before it.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order.

Very truly yours,

/s/

James K. Bredar
United States Magistrate Judge

JKB/cw
cc: The Hon. William D. Quarles, Jr.
    Court file
    Chambers file