```
           IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY
                                *
     Plaintiff,                 *
v.                              *    CIVIL NO.: WDQ-04-3868
MILLIET K. LANHAM               *
     Defendant.                 *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Under 29 U.S.C. § 1132(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA"), Plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual") has sued Milliet K. Lanham to enforce the provisions of a Supplemental Disability ERISA Plan (the "Plan"). Pending are Lanham's motion for partial summary judgment and MassMutual's motion for summary judgment. For the following reasons, Lanham's motion for partial summary judgment will be denied, and MassMutual's motion for summary judgment will be granted[1].

BACKGROUND

MassMutual, a mutual life insurance company, issued

---

[1] Lanham also filed a motion to remand and/or settle the claim record. Since the filing of this motion, MassMutual has included all documents in the claim file. *See* Plain. Resp. Ex. A. The motion, therefore, will be denied as moot.

Lanham a disability policy as part of the Plan offered by her employer. *See* Plain. Mot. Summ. J. Ex. 1 at ¶3. MassMutual is a third-party ERISA fiduciary whose responsibility is to administer the policy in accordance with the Plan terms. *Id.* The Plan entitles Lanham to long term disability benefits if she becomes "disabled", as defined in the Plan. *Id.* Under the Plan, MassMutual may require the claimant to undergo testing by its physicians and also submit any other proof required to substantiate the claim. *See* Plain. Mot. Summ. J. Ex. A at 0853.

On September 1, 2003, Lanham notified MassMutual that she was disabled based on a diagnosis of chronic fatigue syndrome[2] and fibromyalgia[3]. *Id*. at ¶4. During her claim review, Lanham submitted two medical evaluations performed by her physicians. *Id*. Since December 2003, MassMutual has paid Lanham monthly benefits. *Id*. at ¶6.

On January 9, 2004, MassMutual advised Lanham's counsel that she must submit to an independent medical evaluation ("IME").

---

[2]Chronic fatigue syndrome is a debilitating and complex disorder characterized by profound fatigue that is not improved by bed rest and that may be worsened by physical or mental activity.

[3]Fibromyalgia is an increasingly recognized chronic pain illness which is characterized by widespread musculoskeletal aches, pain and stiffness, soft tissue tenderness, general fatigue and sleep disturbances.

*Id.* at ¶7.  MassMutual required the IME because of concerns that it had with Lanham's medical evaluations.  *Id.* at ¶5.  Specifically, MassMutual was concerned that there was a lack of evidence that Lanham had received a physical examination or any psychological testing.  *Id.*

Lanham refuses to consent to any IME which includes the psychological tests required by MassMutual's physician, Dr. Douglas Johnson-Greene.  *Id.* at ¶7.  Lanham also conditioned her participation upon the exam being videotaped.  *Id.* These conditions were not acceptable to Dr. Johnson-Greene.  *Id.*  The IME was cancelled. *Id. at* ¶8.

On December 8, 2004, MassMutual brought this suit.  On December 29, MassMutual amended its complaint to clarify that it seeks only to enforce Lanham's obligation to have the IME, not to determine its fiduciary rights.

ANALYSIS

A.   Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the

3

matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask ... whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely.  *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  The mere existence of a "scintilla" of evidence is not sufficient to preclude summary judgment.  *Anderson*, 477 U.S. at 252.


2. Equitable Relief under 29 U.S.C. §1132(a)(3)
   (A) MassMutual's Right to Enforce Term Plan

MassMutual seeks enforcement of the Plan's terms under 29 U.S.C. §1132(a)(3). Specifically, MassMutual requests an order that under the Plan, Lanham is required to submit to the IME.  Lanham contends that MassMutual is impermissibly seeking a declaration of its rights under the Plan and therefore this Court lacks jurisdiction to hear its claim.

As Lanham correctly notes, a fiduciary may not bring

actions to clarify its rights. *See* 29 U.S.C. § 1132 (a)(1)(B). MassMutual, for example, could not seek a judicial declaration of its entitlement to deny Lanham's claim. *See Gulf Life Insurance Co. v. Arnold*, 809 F.2d 1520, 1524 (11th Cir. 1987). However, as stated in the Court's March 2, 2005 Order, a fiduciary may sue for enforcement of the terms of the plan. *See* Order dated 3/2/05 *(citing* 29 U.S.C. § 1132(a)(3); *Transamerica Occidental Life Insurance Co., v. Digregorio*, 811 F.2d 1249, 1252 (9th Cir. 1987) (noting that fiduciary may seek to enforce ERISA term by establishing that a beneficiary was seeking to avoid plan obligation)).

(B)  Interpretation of the Plan's Terms

Lanham contends that the Plan only obligates her to consent to an IME by Dr. Johnson-Greene, not to submit to all the conditions and testing imposed by him. MassMutual counters that the Plan obligates Lanham to submit to the IME as structured by its physician.

Because ERISA plans are contractual documents, their interpretation is "governed by established principles of contract and trust law." *Haley v. Paul Revere Life Ins. Co.*, 77 F.3d 84, 88 (4th Cir. 1996).  As with other contractual provisions, courts construe the plan's terms without deferring to either party's interpretation. *See Wheeler v. Dynamic Eng'g Inc.*, 62 F.3d 634, 638 (4th Cir. 1995) (stating that ERISA plans are interpreted "under

5

ordinary principles of contract law").

The Plan specifically provides that "at reasonable intervals, we may *require* the Insured to be examined by doctors we *choose*. We will pay for any examination we may *require*...." *See* Plain. Mot. Summ. J. Ex. 1A at MM 0853 (emphasis added). The Plan also provides that "In order for us to pay benefits, we must receive within 90 days after each monthly benefit claimed, proof of disability, and proof of any loss of income or *any other proof required to substantiate the claim*. *See id.* at MM 0855 (emphasis added).

In his medical judgment, Dr. Johnson-Greene believes that psychological testing is necessary to substantiate Lanham's disability claim. *See* Plain. Opp. Ex. 2 at ¶¶6-7, 11. The Plan, clearly provides MassMutual with discretion in determining what type of examination or proof is required for a claim. Dr. Johnson-Greene also believes that videotaping the IME would compromise its results. *See id.* at ¶8. While Lanham may feel more secure with the exam being recorded, exam conditions are within the physician's discretion. *See Place v. Abbott Laboratories, Inc.*, 938 F.Supp. 1373, 1378 (N.D.Ill. 1996)("Exercise of medical discretion as to whether to permit an IME to be tape recorded is not subject to ERISA"). As MassMutual retained Dr. Johnson-Greene so that it could adequately evaluate Lanham's claim, Lanham must submit to the IME as structured by the physician. Otherwise, the IME clause would be

6

futile and MassMutual could simply accept the evaluations of Lanham's physicians. *See Fernandez v. Connecticut Mutual Life Insurance*, 917 F.Supp. 120, 123 (D.P.R. 1996) ("The purpose of an IME clause is to enable the insurer to ascertain its liability by conducting its own investigation").

Lanham argues that requiring psychological testing and disallowing videotaping is unreasonable and therefore should not be required by MassMutual. Even assuming that Lanham is correct, she is still obligated to submit to the IME.  The question presently before the Court is not whether MassMutual's requirements are reasonable, but whether Lanham is obligated to submit to the IME. By submitting to the IME, Lanham, however, is not waiving her objections.  If her benefits are denied based upon either her decision not to submit to the IME or the results of the IME, she has the right to appeal.  *See* Plain. Mot. Summ. J. Ex. A at MM1410.

CONCLUSION

For the reasons discussed above, Lanham's motion for partial summary judgment will be denied, Lanham's motion to remand and/or settle the claim record will be denied as moot, and MassMutual's motion for summary judgment will be granted.


September 19, 2005            _____/s/_____
Date                          William D. Quarles, Jr.
                              United States District Judge